UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

C.A.R.V.,[1]

       Petitioner,

    v.

MINGA WOFFORD, et al.,

       Respondents.

No.  1:25-cv-01395-JLT-SKO (HC)

**FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS**

**(Doc. 1)**

**[21-DAY OBJECTION DEADLINE]**

Petitioner C.A.R.V. is a noncitizen whom immigration authorities released in 2021 under 8 U.S.C. § 1226(a), but then re-detained on September 15, 2025, on the asserted ground that he violated his conditions of release and was subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  On November 3, 2025, the Court converted Petitioner's motion for temporary restraining order into a motion for preliminary injunction and granted said motion in part. (Docs. 2, 14.) The Court ordered Respondents to provide a substantive bond hearing no later than November 14, 2025. (Doc. 14 at 20.) On November 7, 2025, a bond hearing was held before an Immigration Judge. (Doc. 15 at 9.) The matter was referred to the undersigned for further

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only his first name and last initial, to protect sensitive personal information. See Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

proceedings.

On January 30, 2026, the Court issued an order directing the parties to advise the Court whether they wished to stand on their submissions to date, or whether the parties wished to provide additional briefing. (Doc. 23.)  On February 2, 2026, Respondents submitted their response indicating they wished to stand on the submissions with no further briefing. (Doc. 24.) Petitioner did not file a response.

In the order granting a preliminary injunction, the District Court concluded that Petitioner's detention without a bond hearing likely violated Petitioner's procedural due process rights. (Doc. 14 at 13-17.)  The District Court had noted that Respondents had failed to provide evidence that Petitioner's convictions suffered two years before constituted changed circumstances sufficient to convince an Immigration Judge that detention was required. (Doc. 14 at 15.) Respondents did not provide any additional evidence in their response. (Doc. 24.) Therefore, consistent with the District Court's order granting a preliminary injunction and with the numerous other similar rulings from this Court, see J.S.H.M. v. Wofford, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); Ortiz Donis v. Chestnut, No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); M.R.R. v. Chestnut, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025), this Court concludes that Petitioner's due process rights were violated when Respondents re-detained Petitioner without first providing a pre-deprivation bond hearing.

## RECOMMENDATION

For the foregoing reasons, the Court hereby RECOMMENDS that the petition for writ of habeas corpus be GRANTED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall

2

not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **February 13, 2026**            /s/ *Sheila K. Oberto*
                                      UNITED STATES MAGISTRATE JUDGE

3